```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
FAUSTINA E. HAYNES,                               :

                        Plaintiff,                :

            -against-                             :   MEMORANDUM AND ORDER

THE CITY OF NEW YORK, DAVID                       :   19-CV-11008 (PGG) (KNF)
HANSELL, JILL KRAUSS, MELISSA
HESTER, TIA WADDY and JOHN AND                    :
JANE DOE (said names being fictitious, the
persons intended being those who aided and        :
abetted the unlawful conduct of the named
Defendants),                                      :

                        Defendants.               :
---------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## DEFENDANTS' MOTION TO QUASH SUBPOENA

Before the Court is the defendants' motion to quash the document subpoena directed at the New York City Department of Investigation ("DOI"), dated November 24, 2020. The defendants argue that: (A) "plaintiff improperly attempted to use the subpoena procedure"; and (B) "plaintiff's subpoena imposes undue burden and should be quashed." According to the defendants, "DOI is an agency of the City [of New York], thereby providing Defendants with standing to bring this motion to quash," and "any document sought from DOI must be originally directed to the City (a defendant in this matter) via Rule 34 document requests." The Civil Case Management Plan and Scheduling Order, modified on October 13, 2020, provides that fact discovery concludes on November 30, 2020. The defendants assert that the plaintiff's subpoena was served "a mere eighteen days before the conclusion of fact discovery," and, by serving a subpoena rather than a request to inspect pursuant to Rule 34, it appears that the plaintiff "is

1

attempting to avoid the limitations placed on discovery by Rule 34, including the requirement contained in Rule 34(b)(2)(A) that '[t]he party to whom the request is directed must respond in writing within 30 days after being served.'"  Furthermore, the plaintiff testified during her deposition that, in September or October 2018, she was interviewed by DOI in connection with DOI's investigation of the defendants' hiring practices as it related to criminal background checks, and that "other individuals were called to testify at DOI."  Since the plaintiff did not learn about the existence of the DOI investigation through this litigation, but "chose to wait until 18 days before the close of fact discovery to serve an invalid Subpoena," the subpoena should be quashed.

The defendants contend that, the subpoena is overly broad because it seeks "[t]ranscripts of the interviews of Faustina Haynes, Julie Faber, Tia Waddy, David Hansell, Jill Krauss or any commissioner-level employee of the New York City Administration for Children's Services ('ACS') with respect to the investigation in 2018 by your agency of ACS' handling of employment and criminal background checks for ACS employees — such as Jacques Edwards, the convicted felon who in 2018 was charged with assaulting a child in ACS' custody."  Given that "DOI conducts background investigations for all of New York City government's sensitive positions," the subpoena "can be construed as calling for information concerning background investigations that are unrelated to the Jacques Edwards investigation."  In support of the motion, the defendants submitted a declaration by their attorney with exhibits.

**PLAINTIFF'S OPPOSITION TO THE MOTION TO QUASH SUBPOENA**

The plaintiff argues that: (I) the defendants' "motion should be denied for failure to follow the proper pre-motion steps"; and (II) the plaintiff "was justified in serving a subpoena on DOI."  The plaintiff asserts that the defendants' motion "clarifies that DOI is an agency of the

City, a party to this action," and "DOI records could be requested from the City by a Rule 34 document request," which obligated the defendants to request a pre-motion conference pursuant to Local Civil Rule 37.2. According to the plaintiff, "because Defendant City cannot object to a subpoena as a party and then move to quash the subpoena using the procedures of a non-party, the motion should be denied for failing to follow pre-motion procedures."

The plaintiff contends that, since "DOI bills itself as an 'independent' agency that conducts confidential investigations of other City agencies and City employees," the plaintiff "subpoenaed DOI to short-cut Defendants from opposing a document request with baseless claims about lacking possession of confidential transcripts and improper boiler-plate objections and other unnecessary delay tactics." According to the plaintiff, she proceeded in this manner in light of the defendants' previous withholdings of discovery materials and delays. Contrary to the defendants' assertions, the plaintiff did not subpoena DOI to "circumvent" the November 30, 2020 fact discovery deadline, because she served Rule 34 discovery requests on November 12, 2020, after providing the subpoena to the defendants by email on November 10, 2020. Although the plaintiff had knowledge of DOI's investigation in 2018, she asserts that her attorney

> did not realize until Plaintiff's deposition on October 29, 2020 that the DOI interviews were conducted under oath. In reviewing the individual defendants' testimony, it only then became clear to Plaintiff's counsel the importance of obtaining Plaintiff's own DOI transcript and the potentially prior inconsistent sworn statements of the individual defendants. It also became critical to obtain Plaintiff's DOI transcript to prevent Defendants from impeaching Plaintiff at trial with the sworn transcript. As a result, it was not until the days after Plaintiff's deposition that Plaintiff's counsel determined the importance and need of the DOI transcripts, even though, as Defendants note, Plaintiff requested the DOI report of the Edwards Incident on October 23, 2020. . . . Rather than supporting Defendants' motion, the fact that Plaintiff did not seek the transcripts on October 23, 2020 supports the fact that interviews were not known to be sworn until after Plaintiff's deposition on October 29, 2020. While Plaintiff could have advised her counsel of this fact before, lay parties should not be obligated to exhaust every potential discoverable item to their counsel at the beginning of discovery, particularly where lay witnesses may not appreciate the impact of prior sworn statements during a trial

3

compared to notes jotted down by investigators. To be practical about discovery, the City should also keep in mind that the requested DOI transcripts are public records that can be requested by concerned citizens even outside of litigation under New York's Freedom of Information Law.

The plaintiff contends that the defendants' alleged undue burden "is an odd argument because Defendants admitted that they are party to this action and can produce the DOI transcripts but then argue that the subpoena sought the records from a 'non-party,' which created a burden." Thus, "[i]f the City is a party to this action – which includes DOI – it cannot claim a burden as a non-party in receiving the subpoena." Moreover, the defendants "exaggerate the narrow request to claim that the subpoena seeks irrelevant information by deliberately reading the subpoena in an unreasonable manner." Contrary to the defendants' assertions, the plaintiff's subpoena is a "narrowly tailored request for her own and other transcripts related to the Edwards Incident and subsequent DOI investigation," and "since it is clear that DOI only conducted a single investigation of ACS in 2018, as Defendants concede by omission, there is no basis to read the subpoena by feigning confusion and ambiguity where no [sic] exists." In support of her opposition to the motion to quash, the plaintiff submitted her attorney's declaration with exhibits.

## DEFENDANTS' REPLY

The defendants assert that they objected to the subpoena properly, followed the required procedure and notified the plaintiff that any document request under Rule 34 would be untimely. According to the defendants, the plaintiff's untimely service of document requests does not justify her untimely subpoena. As the plaintiff admits, she could have, but failed to request any DOI interview transcripts in her October 23, 2020 document requests, and her counsel concedes awareness of the plaintiff's interview by DOI. Since the plaintiff claims that information sought is "probative of whether ACS downplayed the significance of the Edwards Incident," and she failed to seek DOI interview transcripts "during discovery," her "newfangled argument that the

4

transcripts only became relevant when counsel learned that the interviews were conducted under oath is a red herring designed to hide her failure to seek them earlier in discovery." The defendants assert that

> Plaintiff's contention that her counsel only learned that the interview was taken under oath also rings hollow as DOI's public website states as much. See DOI's Mission and History, available at https://www1.nyc.gov/site/doi/about/mission.page ("The City Charter and various Executive Orders…empower DOI to…take testimony under oath").  Plaintiff and her counsel's failure to perform their own due diligence during discovery is not a reason to permit Plaintiff to circumvent Rule 34.  Further undermining Plaintiff's arguments is the fact that instead of immediately serving document requests seeking any DOI transcripts following Plaintiff's deposition, Plaintiff waited nearly two weeks after her deposition to serve the Subpoena. . . .  Plaintiff's admitted circumvention of Rule 34 results in a waiver of her right to seek such documents. Plaintiff's untimely requests warrant an order quashing Plaintiff's defective Subpoena.

The defendants assert that the subpoena imposes undue burden on them because an alternative source to obtain documents exists, namely, the plaintiff can obtain the transcripts directly from the defendants.  Moreover, the subpoena is overly broad because it seeks DOI transcripts with respect to the DOI investigation in 2018, concerning "handling of employment and criminal background checks for ACS employees – such as Jacques Edwards, the convicted felon who in 2018 was charged with assaulting a child in ACS' custody."  The phrase "such as" "can be construed as calling for information concerning background investigations that are unrelated to the Edwards investigation."

## LEGAL STANDARD

> *Quashing or Modifying a Subpoena*.
> (A) *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.
> (B) *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify

5

>the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
>(C) *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated.
>
>Fed. R. Civ. P. 45(d)(3).

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975). "A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." Universitas Educ., LLC v. Nova Group, Inc., No. 11 Civ. 1590, 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013).

## APPLICATION OF LEGAL STANDARD

The defendants do not assert any grounds for quashing the subpoena provided in Rule 45(d)(3), other than undue burden. The defendants' assertion, unsupported by evidence, that "DOI is an agency of the City [of New York], thereby providing Defendants with standing to bring this motion to quash" is in tension with their assertion that "Plaintiff has improperly opted to seek those same documents from non-parties to this litigation." If, as asserted by the defendants, the plaintiff's subpoena is directed to "non-parties to this litigation," the defendants do not have standing to make the instant motion because they do not claim any privilege, see Langford, 513 F.2d at 1126, and absent a claim of privilege, they have no standing to object on the ground of undue burden, Universitas Educ., No. 11 Civ. 1590, 2013 WL 57892, at *5. If, as asserted by the defendants, "DOI is an agency of the City" and the plaintiff should have served a document request under Rule 34 on the defendants instead of the subpoena on DOI, it follows

6

that the plaintiff has not "improperly opted to seek those same documents from non-parties to this litigation." As the defendants refer to DOI inconsistently as both a party and a non-party in this litigation, the Court is not convinced that the plaintiff's subpoena on DOI was improper. DOI is not a suable entity. See New York City, N.Y., Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The defendants do not make citation to any binding authority prohibiting service of the subpoena on a non-suable municipal entity, such as DOI, and requiring, instead, that "any document sought from DOI must be originally directed to the City (a defendant in this matter) via Rule 34 document requests." The plaintiff's argument that the defendants' motion to quash should be denied "for failure to follow the proper pre-motion steps" is rejected as baseless because the defendants made a motion to quash the plaintiff's subpoena served under Rule 45, not subject to Local Civil Rule 37.2, not the plaintiff's document requests served under Rule 34, subject to Local Civil Rule 37.2.

The defendants' arguments that the subpoena is unduly burdensome because: (a) an alternative source exists to obtain documents sought by the subpoena on DOI, namely, the defendants; and (b) it seeks irrelevant information and is consequently overly broad, are rejected as meritless. The defendants did not articulate the nature and extent of the undue burden imposed on them by the subpoena or provide any evidence in support. Despite the language used in the subpoena stating, "such as Jacques Edwards," the plaintiff concedes in her opposition to the motion that her subpoena is a "narrowly tailored request for her own and other transcripts related to the Edwards Incident and subsequent DOI investigation," and "since it is clear that DOI only conducted a single investigation of ACS in 2018, as Defendants concede by omission,

7

there is no basis to read the subpoena by feigning confusion and ambiguity where no [sic] exists." In their reply, the defendants did not contest the plaintiff's assertion that DOI conducted only one investigation in 2018, that related to "the Edwards Incident." Regardless of the number of investigations DOI conducted in 2018, and despite the plaintiff's failure to explain the meaning and use in the subpoena of the phrase "such as Jacques Edwards," the Court finds that the subpoena is narrowly tailored and seeks relevant documents in connection with the DOI investigation of "the Edward Incident," which is the only DOI investigation relevant to this action.

The plaintiff's argument that, despite her knowledge about the DOI investigation in 2018, the plaintiff's "attorney did not realize until Plaintiff's deposition on October 29, 2020 that the DOI interviews were conducted under oath," is meritless and frivolous because, as pointed by the defendants, DOI's public website states that "The City Charter and various Executive Orders…empower DOI to…take testimony under oath." Similarly frivolous is the attempt to justify counsel's lack of diligence and failure to request timely from the defendants, via Rule 34, documents concerning the DOI investigation the plaintiff now claims are relevant and critical to prevent her impeachment by asserting that "Plaintiff could have advised her counsel" before her deposition that DOI interviews were sworn.

The Court finds that the plaintiff's subpoena is narrowly tailored, specific and seeks relevant documents limited in scope to encompass only the DOI investigation concerning "Jacques Edwards." Accordingly, the defendants' objections are overruled, and denial of their motion to quash the subpoena is warranted.

**CONCLUSION**

For the foregoing reasons, the defendants' motion to quash the subpoena, Docket Entry No. 39, is denied.

Dated:  New York, New York
       February 9, 2021

SO ORDERED:

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE